UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEOPOLDO CARDENAS, a.k.a. Leonardo Escamilla,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>STEVE LOWE AND KATHERINE STEELE KNOX,<br><br>　　　　　　Respondents. | NO: 4:18-CV-5018-TOR<br><br>ORDER DISMISSING ACTION WITH PREJUDICE |

BEFORE THE COURT is Petitioner's "Amended Petition for Writ of Habeas Corpus and Motion to Show Cause," which the Court construes as his Response, ECF No. 10, to the Order to Show Cause issued on April 5, 2018, ECF No. 6. Petitioner, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis;* Respondents have not been served.

On April 5, 2018, the Court advised Petitioner of the deficiencies of his *pro se* habeas petition and directed him to show cause why this action should not be

ORDER DISMISSING ACTION WITH PREJUDICE -- 1

dismissed as time barred under 28 U.S.C. § 2244(d) and as precluded by *Lackawanna Cnty. Dist. Attorney v. Coss,* 532 U.S. 394, 403-04 (2001) (a prisoner may not challenge a prior conviction used to enhance a current sentence unless there was a failure to appoint counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963) in the proceeding that resulted in the prior conviction), ECF No. 6. The Court finds that the Amended Petition does not cure the deficiencies of the initial petition, although it does add Superintendent Don Holbrook as a Respondent.

On July 22, 1986, Petitioner pleaded guilty to possession of stolen property in the second degree having been charged with possession of stolen property in the first degree, *See* ECF No. 10 at 16-20. He states that he believed he would be released from incarceration the same day, but he was subsequently charged with additional crimes and proceeded to trial on theft and burglary charges. *See* ECF No. 10 at 29-32. He baldly asserts that the Judgment and Sentences from 1986 are void as they were allegedly obtained by fraud and misrepresentation. He makes no showing that he successfully pursued these arguments in state court.

Petitioner argues that, although counsel was appointed to represent him, she actually assisted the prosecutor in obtaining his guilty plea and subsequent convictions. This argument is insufficient to withstand the preclusive effect of *Lackawanna*.

In addition, Petitioner has failed to make a credible claim of actual innocence supported by new reliable evidence. *See Schlup v. Delo,* 513 U.S. 298, 324 (1995). He does not support his assertions of innocence with credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, or exculpatory scientific evidence. *See Schlup,* 513 U.S. at 324. Rather, he repeatedly asserts, "the record will show . . . ." This is insufficient to make a convincing showing of factual innocence which would allow this Court to entertain his untimely habeas petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013).

Having failed to show cause, **IT IS ORDERED** this action is dismissed with prejudice as time barred under 28 U.S.C. § 2244(d) and as precluded by *Lackawanna Cnty. Dist. Attorney v. Coss,* 532 U.S. at 403-04.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** May 31, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING ACTION WITH PREJUDICE -- 3